[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried to the court on November 23, 1999. Trial briefs with proposed findings of fact were subsequently submitted by the parties with the final such brief being received by the Court on December 14, 1999.
The plaintiff's March 23, 1999 Amended Complaint asserts two counts. The first count sounds in breach of contract and asserts that the defendant, Evelyn Gur, violated the terms of a noncompete provision contained in her written employment contract with the plaintiff, Nemeth/Martin dated April 5, 1995.
The second count of said Amended Complaint asserts that the defendant, Gur, violated the provisions of the Uniform Trade Secrets Act C.G.S. 35-51, et seq., by acquiring and using the CT Page 3970 trade secrets and proprietary information of the plaintiff which trade secrets and proprietary information the defendant obtained as a result of her employment with the plaintiff.
A review of the Court's file in this matter discloses that what could clearly be considered as an Answer has never been filed by the defendant, Gur, in this matter. Rather, on December 27, 1996 the defendant, Gur, then pro se, filed a pleading styled as "Response to Complaint," followed on the same date by a pleading styled as a "Request to Revise" and followed again on the same date by a pleading styled as a "Counterclaim." Subsequent thereto on January 6, 1997, the defendant, Gur, still pro Se, filed a pleading styled as "Notice of Amended Response to Complaint." No pleading of any kind has ever been filed by the defendant, Gur, in response to plaintiffs' March 23, 1999 Amended Complaint.
Notwithstanding the foregoing failure of the defendant to respond to the said plaintiff's March 23, 1999 Amended Complaint, the court will consider both the defendant, Gur's, December 27, 1996 "Response to Complaint" as supplemented by the January 6, 1997 "Notice of Amended Response to Complaint" as the defendant Gur's operative Answer in this litigation. In those pleadings, the defendant, Gur, has admitted the essential allegations regarding her employment with the plaintiff, Nemeth/Martin, by virtue of the written employment agreement between the parties and she has denied the claimed violations of the written employment agreement and the Uniform Trade Secrets Act.
On April 25, 1997, the defendant, Gur, through her counsel, filed a pleading styled as "Revision to Counterclaim" which appears to be a Request for Permission to Amend the previously filed Counterclaim. The Plaintiff, Nemeth/Martin, subsequently, on January 16, 1998, filed an Answer to both the December 27, 1996 Counterclaim and the April 25, 1998 Revision to Counterclaim.
The Court will consider the December 27, 1996 Counterclaim as revised by the April 25, 1998 Revision to Counterclaim as the operative Counterclaim in this litigation. Though not set out in separate Counts as required by the Practice Book, the said Counterclaim of the defendant, Gur, appears to assert three separate claims: 1.) Tortious interference with a business/contractual relationship; 2.) Defamation of character; and 3.) Violations of the Connecticut Unfair Trade Practices Act. CT Page 3971
In the First Count of the plaintiff's Amended Complaint it is asserted that the defendant Gur has violated the terms of a non-compete provision contained in her written employment contract with the plaintiff; Nemeth/Martin, dated April 5, 1995. The said non-compete provision provides that:
 The Employee agrees that once the identify of a Client or a Consultant of Nemeth/Martin is made known to the Employee ("Client" being defined as any company from whom Nemeth/Martin has collected fees in the course of doing business during the preceding eighteen months; "Consultant" being defined as any person utilized by Nemeth/Martin for contracts with clients during the preceding eighteen months) he/she shall not compete with Nemeth/Martin in any manner, either directly or indirectly, whether for compensation or otherwise, or assist any other person or entity to compete with Nemeth/Martin in doing business with the Clients or Consultants. The Employee specifically agrees that he/she will not solicit or accept contract-consulting business from Nemeth/Martin's Clients or Consultants for a period of one-year following termination.
The Plaintiff alleges that the Defendant violated the said non-compete clause when, after having left the employ of the Plaintiff, the Defendant did business with clients of the Plaintiff, including, but not limited to, the Hewlett Packard Corporation. The Plaintiff claims that the Defendant's doing so constituted unauthorized competition with the Plaintiff by the Defendant. The court finds, however, that no credible or reliable evidence was presented at trial that would substantiate such allegations.
As regards the specific allegations regarding the Hewlett Packard Corporation, the Court further finds that no credible or reliable evidence was presented at trial that would establish the fact that Hewlett Packard Corporation was a "Client" of the Plaintiff within the meaning of the subject employment contract generally and the non-compete provision in particular. The evidence elicited at trial suggested that Hewlett Packard was not a "client" of the Plaintiff. Rather the evidence disclosed that the Plaintiff had done business with a Convex Computer Corporation which might have been a subsidiary of Hewlett Packard but again no credible or reliable evidence was presented that would support a finding by the Court that Convex Computer Corporation was such a subsidiary of Hewlett Packard or that being such a subsidiary would bring it within the purview of the CT Page 3972 subject non-compete clause.
As regards the additional claims set forth in the First Count of the Amended Complaint to the effect that the Defendant violated the employment agreement and the non-compete clause by soliciting business from other clients of the Plaintiff and by entering into contracts with other clients of the Plaintiff, the Court again finds that no credible or reliable evidence has been presented that would substantiate such claims.
An additional claim within the First Count of the Amended Complaint is that the Defendant violated the said non-compete clause when, after having left the employ of the Plaintiff, the Defendant "placed" an employee of the Plaintiff, namely, Miles Pratt, with a new employer, a company known as Microage. The Plaintiff claims that such action by the Defendant violated the subject non-compete clause because the said Miles Pratt was a "Consultant" within the meaning of the said non-compete clause and, as such, the Defendant was proscribed from "placing" or otherwise doing business with said Consultant for a period of one year following the Defendant's termination of employment.
The court again finds that no credible or reliable evidence was presented at trial that would establish the fact that the said Miles Pratt was a "Consultant" within the meaning of the subject employment contract generally and the non-compete provision, set forth above, in particular. Rather the evidence presented at trial by virtue of the testimony of several witnesses was ambiguous and inconclusive as to precisely what Mr. Pratt's position with the Plaintiff was. He was described variously at trial as a "project manager", a "technical representative", a "recruiting manager" and there was testimony that he also had responsibilities for "other assignments and special projects." Clearly though, the Plaintiff has failed to establish that Miles Pratt was a "consultant" within the meaning of the non-compete provision contained within the employment contract. The Plaintiff has failed to otherwise prove through reliable and credible evidence that the Defendant's dealings with the so-called "Contractor's Exchange" violated the terms of the employment contract and the non-compete clause.
To the extent that such a claim was intended to be asserted within the allegations contained in the First Count of the Amended Complaint, the Plaintiff has also failed to introduce any evidence to establish the essential elements of its claim of CT Page 3973 trade secret misappropriation.
The essential claim of the Second Count of the Plaintiff's Amended Complaint is that the Defendant has used the proprietary information of the Plaintiff in violation of the Uniform Trade Secrets Act C.G.S. 35-51, et seq, which defines a "trade secret" as:
 information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
The Court finds that the Plaintiff has failed to sustain its burden on this Count. No credible or reliable evidence has been presented to the Court upon which the Court could find a violation of the Uniform Trade Secrets Act. The Plaintiff failed to introduce any credible evidence to establish the essential elements of such a claim.
To constitute a "trade secret," under the statute a two-pronged test must be satisfied. First, the information must derive independent economic value from not being generally known to, and not being readily ascertainable by others and, second, it must be the subject of reasonable efforts to maintain its secrecy. Although it is arguable that the Plaintiff introduced some evidence that might satisfy the second prong of the test by specifically setting forth some efforts made to maintain the secrecy of some "contact" information in its databases, the Plaintiff failed to offer any evidence with respect to the first prong. No evidence was proffered that would show that any such information "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use."
The Court can easily dispose of the issues asserted in the Defendant's Counterclaim. The Defendant has offered no credible evidence of any type to support the allegations that have been made in the Defendant's Counterclaim nor has the defendant offered any credible argument or proposed findings of fact in her CT Page 3974 trial brief that would support any of the claims asserted in her Counterclaim.
The allegations asserted in the pleadings by both parties were not supported by the evidence presented at trial. The Plaintiff has failed to meet its burden of proof on the Amended Complaint and the Defendant has failed to meet its burden of proof on the Counterclaim.
Accordingly, judgment may enter in favor of the Defendant, without costs, on both Counts of the Amended Complaint and judgment may enter in favor of the plaintiff, without costs, on the Counterclaim.
BY THE COURT
CARROLL, J.